1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11  PLASTWOOD SRL, et al.,

12              Plaintiffs,

13      v.

14  ROSE ART INDUSTRIES, INC., et al.,

15

16              Defendants.

17

CASE NO. C07-0458JLR

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION TO DISMISS

18

19

20

21

22

23

24

25

26

27

28

## I.  INTRODUCTION

This matter comes before the court on Defendants' motion to dismiss pursuant to

Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (Dkt. # 6) and Defendants'

motion to stay discovery pending the resolution of their motion to dismiss (Dkt. # 28).

Having reviewed the motion together with all documents filed in support and in

opposition, the court GRANTS Defendant MEGA Brands, Inc.'s ("MEGA Brands")

12(b)(2) motion to be dismissed for lack of personal jurisdiction.  The court also

GRANTS in part and DENIES in part Defendant Rose Art Industries, Inc.'s ("Rose Art")

12(b)(6) motion to dismiss the complaint for failure to state a claim.  The court also

DENIES Defendants' motion to stay as moot (Dkt. # 28).

ORDER ON MOTION TO DISMISS– 1

## II.  BACKGROUND

Plaintiffs PlastWood SRL and its wholly-owned subsidiary, PlastWood Corporation, allege false advertising and unjust enrichment claims against Defendants MEGA Brands and its wholly-owned subsidiary, Rose Art.  Compl. ¶¶ 11-14, 44-52. PlastWood SRL is an Italian corporation, and its subsidiary is a Delaware corporation with its principal place of business in New York.  *Id.* at ¶¶ 11-12.  MEGA Brands is a Canadian corporation with its principal place of business in Montreal, and its subsidiary, Rose Art, is incorporated in and maintains its principal place of business in New Jersey. *Id.* at ¶¶ 13-14.

Plaintiffs (collectively, "PlastWood") compete with Rose Art in the sale of magnetic construction toy sets.  *Id.* at ¶ 1.  Rose Art's product, Magnetix, is comprised of small plastic building blocks that are held together by magnetic force.  *Id.* at ¶¶ 17-18. Rose Art's advertising and product packaging state that a wide variety of structures ("500 designs") can be built by assembling Magnetix blocks in certain described manners.  *Id.* at ¶¶ 3, 18.  PlastWood contends that many of those structures cannot be built and collapse under their own weight.  *Id.* at ¶¶ 4, 19.  PlastWood also asserts that the phrase "Ages 3 to 100," which appears on Magnetix packaging, misrepresents that the blocks are safe for children three and older.  *Id.* at ¶¶ 5, 20.  PlastWood alleges that Magnetix blocks are dangerous to small children because the magnetic beads spontaneously release and can cause severe injury if inhaled or ingested.  *Id.* at ¶¶ 5, 20, 24.  PlastWood claims that Rose Art has engaged in false advertising in violation of the Lanham Act, 15 U.S.C. § 1125, and also asserts a separate claim for unjust enrichment.[1]  *Id.* at ¶¶ 44-52.

---

[1]The complaint contains a third claim for violation of the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2532.  Compl. ¶¶ 53-56.  PlastWood conceded that this claim should be dismissed.  Resp. at 17.  The court, accordingly, dismisses PlastWood's Delaware Deceptive Trade Practices Act claim.

ORDER ON MOTION TO DISMISS– 2

MEGA Brands moves to be dismissed from this action pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction based on insufficient Washington contacts.  Mot. at 4-5, 18-21.  PlastWood asks the court to deny the motion arguing that the court has both general and specific jurisdiction over MEGA Brands.  Resp. at 8-9.

Rose Art moves to dismiss the complaint pursuant to Rule 12(b)(6) arguing that PlastWood has failed to state a claim under the Lanham Act because the Child Safety Protection Act ("CSPA") preempts PlastWood's age-labeling claim.  Mot. at 11-14.  Rose Art also argues that PlastWood has failed to state a claim under the Lanham Act because the complaint does not identify the Magnetix structures that cannot be built.  *Id.* at 14-16.  In addition, Rose Art moves to dismiss PlastWood's claim for unjust enrichment for failure to allege sufficient facts.  *Id.* at 16-17.  PlastWood responds that the CSPA does not preempt its age-labeling claim because it is not seeking to enforce any safety standard.  Resp. at 14.  PlastWood also contends that it has pleaded requisite factual allegations in relation to its "collapsing structures" claim, and that dismissal is unwarranted.  *Id.* at 15.  Finally, PlastWood argues that the complaint properly states a claim for unjust enrichment.  *Id.* at 15-17.

### III.  ANALYSIS

**A.    Motion to Dismiss MEGA Brands for Lack of Personal Jurisdiction**

When a defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(2), the plaintiff must make a prima facie showing of personal jurisdiction to survive the motion.[2]  *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d

---

[2]A preponderance of evidence standard applies where the court holds an evidentiary hearing to address personal jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assoc.'s, Inc.*, 557 F.2d 1280, 1284-85 (9th Cir. 1977).  Neither PlastWood nor MEGA Brands has requested an evidentiary hearing.

1122, 1128-29 (9th Cir. 2003).  The plaintiff must provide evidence that, if believed, would support the court's exercise of jurisdiction over the defendant.  *Id.* at 1129.  The court need not accept the plaintiff's bare allegations if the defendant controverts them with evidence.  *See AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).  If both parties provide evidence supporting different versions of a fact, however, the court must resolve competing inferences in the plaintiff's favor.  *Harris Rutsky*, 328 F.3d at 1129.

Where no federal statute governs personal jurisdiction, the district court must apply the long-arm statute of the state in which the court sits.  Fed. R. Civ. P. 4(k)(1)(A); *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993).  The Washington long-arm statute reaches the full extent of the due process clause of the United States Constitution.  *Easter v. Am. West Fin.*, 381 F.3d 948, 960 (9th Cir. 2004); *Werner v. Werner*, 526 P.2d 370, 374 (Wash. 1974).

A court can exercise its power over a non-resident defendant (absent the defendant's consent) only if it has general or specific jurisdiction.  *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  Where a defendant has "substantial" or "continuous and systematic" contacts with the forum state, it is subject to general jurisdiction and can be haled into court on any action, even one unrelated to its contacts.  *Id.*  If a defendant is not subject to general jurisdiction, it may be subject to specific jurisdiction if the action upon which it is sued arises from its contacts within the forum state.  *Id.*  In either case, the critical factor in determining personal jurisdiction is the extent of the defendant's contacts with the forum state.  The court, therefore, must examine MEGA Brands' contacts with Washington to determine if they support the exercise of either general or specific jurisdiction.

ORDER ON MOTION TO DISMISS– 4

1

### 1.    General Jurisdiction

2

A plaintiff asserting general jurisdiction must meet an "exacting standard."

3

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).  A

4

defendant is not subject to general jurisdiction unless its contacts are so "substantial or

5

continuous and systematic" that they "approximate physical presence" in the forum state.

6

*Bancroft & Masters*, 223 F.3d at 1086.  The Ninth Circuit "regularly [has] declined to

7

find general jurisdiction even where the [defendant's] contacts were quite extensive."

8

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n.3 (9th Cir. 1993).[3]

9

10

General jurisdiction requires a much more substantial connection to the forum than

11

does specific jurisdiction.  *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).  A

12

court must consider "all of the defendant's activities that impact the state, including

13

whether the defendant makes sales, solicits or engages in business, serves the state's

14

markets, designates an agent for service of process, holds a license, has employees, or is

15

incorporated there."  *Hirsch v. Blue Cross, Blue Shield of Kansas City,* 800 F.2d 1474,

16

1478 (9th Cir. 1986).  A mere showing that a defendant has systematic business contacts

17

with the forum, however, is insufficient.  *Bancroft & Masters*, 223 F.3d at 1086.  A

18

plaintiff must show that the defendant's activities transcend doing business "with" the

19

forum state such that it is fair to say that it is actually doing business "in" the forum state.

20

21

22

---

23

[3]The court notes that general jurisdiction is rarely available, even with substantial contacts

24

in the forum.  *See, e.g.*, *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990)
(finding no general jurisdiction despite continuous sales to Washington residents, ongoing

25

advertising in Washington, and ongoing business relationships with Washington agents), *rev'd on
other grounds*, 499 U.S. 585 (1991); *see also Helicopteros Nacionales de Colombia, S. A. V.*

26

*Hall*, 466 U.S. 408, 411 (1984) (finding no general jurisdiction despite purchase of more than 80
percent of helicopter fleet, parts, and accessories from forum state over an eight-year period, plus

27

numerous related business trips to forum); *Bancroft & Masters*, 223 F.3d at 1086 (finding no
general jurisdiction despite continuous business relationship with two television networks and a

28

handful of California vendors).

ORDER ON MOTION TO DISMISS– 5

1    *Id.*; *see also Helicopteros*, 466 U.S. at 418 (1984) (stating that "mere purchases, even if

2    occurring at regular intervals, are not enough" to support general jurisdiction).   It is not

3    enough to show that the defendant has "stepped through the door" of the forum through

4    ongoing business contacts; the plaintiff must show that the defendant "has sat down and

5    made itself at home."  *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,

6    284 F.3d 1114, 1125 (9th Cir. 2002).

7

8         PlastWood has failed to make a prima facie showing of general personal

9    jurisdiction over MEGA Brands.  PlastWood alleges that MEGA Brands has

10   manufactured and sold Magnetix in the state of Washington.  Compl. ¶ 17.  MEGA

11   Brands' evidence establishes otherwise.  According to the Declaration of Peter Ferrante,

12   Vice President of Finance for MEGA Brands, MEGA Brands has never sold Magnetix in

13   the United States.  Ferrante Decl. ¶¶ 7-8.  Rose Art is, and has always been, the exclusive

14   seller of Magnetix construction sets.  *Id.*  The court need not accept PlastWood's bare

15   allegations of jurisdiction if MEGA Brands controverts them with evidence.  *See AT&T,*

16   94 F.3d at 588.  MEGA Brands is a Canadian corporation with its principal place of

17   business in Montreal.  Compl. ¶ 14.  PlastWood has not pleaded any facts indicating that

18   MEGA Brands has engaged in "substantial" or "continuous and systematic" contacts with

19   Washington.

20

21        PlastWood has also failed to establish any grounds for imputing Rose Art's

22   Washington contacts to MEGA Brands.  A domestic corporation's contacts with the

23   forum state do not automatically establish jurisdiction over its parent corporation.  *See*

24   *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781, n.13 (1984); *Doe v. Unocal Corp.*,

25   248 F.3d 915, 926 (9th Cir. 2001);  *AT&T*, 94 F.3d at 591.  A subsidiary's contacts with

26   the forum state may be imputed to the parent only when the subsidiary (1) is the parent's

27   alter ego; or (2) acts as the parent's general agent.  *Doe*, 248 F.3d at 926; *Harris Rutsky*,

28

ORDER ON MOTION TO DISMISS– 6

328 F.3d at 1134-35; *AT&T*, 94 F.3d at 591.  PlastWood has not alleged facts sufficient to make a prima facie case under either scenario.

### 2.   Specific Jurisdiction

The Ninth Circuit applies a three-part test to determine specific jurisdiction.  First, the nonresident defendant must "do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws[.]"  *Data Disc*, 557 F.2d at 1287.  Second, the plaintiff's claim must "arise[ ] out of or result[ ] from the defendant's forum-related activities. . . ."  *Id.*  Third, the "[e]xercise of jurisdiction must be reasonable."  *Id.*  If the plaintiff meets his burden on the first two parts of the test, the burden shifts to the defendant to satisfy the third part by presenting a "compelling case" that the exercise of jurisdiction is unreasonable.  *Schwarzenegger*, 374 F.3d at 802 (citation omitted).

### a.   Purposeful Availment

Under the first prong of the three-part specific jurisdiction test, PlastWood must establish that MEGA Brands either purposefully availed itself of the privilege of conducting activities in Washington, or purposefully directed its activities toward Washington.  The Ninth Circuit uses the phrase "purposeful availment" in shorthand fashion to include both purposeful availment and purposeful direction, *see*, *e.g.*, *Harris Rutsky*, 328 F.3d at 1130 (citing *Haisten v. Grass Valley Med. Reimbursement Fund Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986)), but availment and direction are two distinct concepts.

Purposeful availment analysis examines whether the defendant's contacts with the forum are attributable to his own actions or solely the actions of the plaintiff.  *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988) (citations omitted).  In order to

ORDER ON MOTION TO DISMISS– 7

have purposefully availed oneself of conducting activities in the forum, the defendant must have performed some type of affirmative conduct that allows or promotes the transaction of business within the forum state. *Id.* The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citations and internal quotations omitted).

The first prong is also satisfied where nonresident defendants purposefully direct their activities toward forum residents and such out-of-state acts have an effect in the forum. *Calder v. Jones*, 465 U.S. 783, 789-90 (1984). Thus, activity by the defendant need not physically take place in the forum state so as to constitute sufficient contact under the due process test. *Haisten*, 784 F.2d at 1397. The fundamental issue is whether a defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there. *Id.* (citation omitted).

PlastWood failed to demonstrate that MEGA Brands committed some act or transaction by which it purposefully availed itself of the privilege of conducting activities in Washington, or that it purposefully directed its activities toward Washington.[4] The evidence indicates that MEGA Brands has never sold Magnetix construction sets in the United States. Ferrante Decl. ¶¶ 7-8. Furthermore, MEGA Brands' participation in certain Magnetix product liability negotiations, Resp. at 8, is the type of attenuated contact that would not justify haling the Canadian corporation into a Washington

---

[4]The court did not consider the terms of the "Master Settlement Agreement," Exhibit A, attached to the Declaration of Simeon J. Osborn (Dkt. # 16). The terms of the agreement are subject to a strict confidentiality clause and cannot be disclosed except in a proceeding to enforce it. MEGA Brands moved to strike the Master Settlement Agreement. Reply at 11. Accordingly, the court grants MEGA Brands' motion to strike.

ORDER ON MOTION TO DISMISS– 8

courtroom.  Even if MEGA Brands' role in the settlement was sufficient to satisfy the first prong for specific jurisdiction, PlastWood failed to establish the second prong.

### b.    Forum-Related Activities

PlastWood has not established that its claims arise out of or are related to MEGA Brands' forum-related activities.  The Ninth Circuit follows a "but for" test in determining whether the claim "arises out of" the nonresident's forum-related activities. *Ballard*, 65 F.3d at 1500.  Thus, the issue is whether but for MEGA Brands' contacts with Washington, would PlastWood's claims against MEGA Brands have arisen.  The only forum-related contact that PlastWood alleges[5] is MEGA Brands' participation in the settlement negotiation of several Magnetix product liability suits in Washington.  Resp. at 8.  This contact is not a "but for" cause of PlastWood's false advertising claims. Moreover, PlastWood did not make a prima facie showing that MEGA Brands' participation in the settlement was related to claims of false advertising.

Because PlastWood failed to meet its burden on the first two prongs, the court need not address the third prong related to reasonableness.  PlastWood failed to make a prima facie showing of either general or specific jurisdiction.  Accordingly, the court grants MEGA Brands' motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction.

---

[5]PlastWood also alleged that MEGA Brands directly sold Magnetix construction sets in the state of Washington. Compl. ¶ 17, Resp. at 8-9.  PlastWood attempted to support the allegation with a MEGA Brands pleading statement in an unrelated Indiana lawsuit. Resp. at 8-9. The statement does not describe any Washington contacts.  In addition, the press release statements that PlastWood relies on, Resp. at 9, do not speak of any Washington contacts. MEGA Brands, however, offers evidence that it has never sold Magnetix in the United States. Ferrante Decl. ¶¶ 7-8.  The court need not accept PlastWood's bare allegations if MEGA Brands controverts them with evidence.  *See AT&T*, 94 F.3d at 588.

ORDER ON MOTION TO DISMISS– 9

### 3.    PlastWood's Request for Jurisdictional Discovery

A trial court is vested with broad discretion in deciding whether to grant further discovery in order to determine personal jurisdiction. *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977); *see also Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (stating "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery"). This court, finding only bare allegations of jurisdiction over MEGA Brands, declines to grant PlastWood leave to conduct additional discovery in an attempt to establish personal jurisdiction over MEGA Brands.

### B.    Motion to Dismiss the Complaint for Failure to State a Claim

Rose Art moves to dismiss the Complaint pursuant to Rule 12(b)(6) arguing that PlastWood has failed to state a claim under the Lanham Act and failed to state a claim for unjust enrichment. Mot. at 11-14, 16-17. Rose Art also contends that PlastWood's "collapsing structures" claim is impermissibly indefinite. *Id.* at 14-16.

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998). Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

While a complaint need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). The factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Id.* at 1965 (citations omitted). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Thus, a 12(b)(6) motion to dismiss should be granted when plaintiffs fail to "nudge[] their claims across the line from conceivable to plausible." *Id.* In the event dismissal is warranted, however, leave to amend should be granted unless amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**1.     Lanham Act Claim Based on "Ages 3 to 100"**

PlastWood claims that Rose Art has violated the Lanham Act because the phrase "Ages 3 to 100" appearing on Magnetix packaging is a representation that the blocks are safe for children three years and older when, in reality, the blocks are highly dangerous to small children. Compl. ¶¶ 3, 20, 24. Section 43(a) of the Lanham Act imposes liability on "any person who, on or in connection with any goods or services, or any container for goods . . . uses in commerce any word, term, name, symbol, or device . . . or any false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B). PlastWood essentially contends that the label "Ages 3 to 100" is false or misleading because it fails to adequately warn consumers of certain alleged dangers that Magnetix toy sets pose to "small children." *See* Compl. ¶¶ 5,

ORDER ON MOTION TO DISMISS– 11

20, 24.  For the following reasons, the court finds that PlastWood's claim is precluded[6] by the CSPA.

The CSPA establishes requirements for products intended for children.  *See* Pub. L. No. 103-267, 108 Stat. 722 (1994).  Section 101(a) of the CSPA amended the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. §§ 1261-1278, by adding a new section, codified at 15 U.S.C. § 1278, which lists the requirements for labeling certain toys and games.  The FHSA does not authorize a private cause of action.  *IQ Prods. Co. v. Pennzoil Prods. Co.*, 305 F.3d 368, 373 (5th Cir. 2002).  Instead, the Consumer Product Safety Commission ("CPSC") is responsible for enforcing the FHSA and promulgating, interpreting, and enforcing regulations under the FSHA.  *See* 16 CFR §§ 1500.1-1500.231.  Furthermore, the FHSA regulations contain an explicit preemption provision that "prohibits any state from enacting or enforcing any requirement relating to cautionary labeling relating to small parts hazards . . . unless the state or local requirement is identical to a requirement established by section 24 of the FHSA or by 16 C.F.R. § 1500.19."  16 C.F.R. § 1500.19(h).

The instant case is analogous to the facts of *IQ Prods.*, where the court prohibited the plaintiff from using the Lanham Act to circumvent the FHSA.  *See* 305 F.3d at 372. The plaintiff, IQ Products Company ("IQ"), alleged that its competitor failed to label its

---

[6]The parties refer to this issue as "preemption."  Preemption, however, is based on the Supremacy Clause, Article VI, and involves the relationship between federal and state laws. Preclusion involves the relationship between two federal laws.  *See CSX Transp., Inc. v. Miller*, 858 A.2d 1025, 1047-1050 (Md. Ct. Spec. App. 2004) (explaining the difference between preemption and preclusion).  The difference in the use of terms may only be academic as many courts have relied on preemption analysis in preclusion cases.  *See*, *e.g.*, *Waymire v. Norfolk & W. Ry.*, 218 F.3d 773 (7th Cir. 2000) (finding preemption analysis instructive in a case dealing with the interaction of two federal statutes); *Rice v. Cincinnati, New Orleans & Pac. Ry.*, 955 F. Supp. 739 (D. Ky. 1997) (holding that the same rationale that supports preemption also indicates that railroad speed regulations adopted pursuant to Federal Railway Safety Act should supersede an unsafe speed argument in this Federal Employers' Liability Act case).

ORDER ON MOTION TO DISMISS– 12

tire inflation product as "flammable," and that the omission of the word violated the Lanham Act because it mislead consumers into believing that the product was "non-flammable." *Id.* at 370. The district court granted partial summary judgment against IQ for impermissibly attempting to use the Lanham Act as a vehicle to enforce the FHSA. *Id.* at 372. The Fifth Circuit affirmed by holding that the FHSA did not create a private right of action and precluded IQ from attempting to usurp the regulatory function of the CPSC. *Id.* at 374. The defendants' failure to label its product, even if true, did not constitute a false or misleading statement that was actionable under the Lanham Act. *Id.*

Likewise, PlastWood's claim, which contends that the label "Ages 3 to 100" is a false or inadequate safety statement, is precluded because PlastWood cannot use the Lanham Act as a vehicle to enforce or enact FHSA safety requirements. Moreover, PlastWood's claim is precluded because it is essentially asking this court to enforce a labeling requirement that is not identical to 16 C.F.R. § 1500.19. PlastWood asserts that the phrase "Ages 3 to 100" appearing on Magnetix packaging is a representation that the blocks are safe for children three years and older when, in reality, the blocks are highly dangerous to small children. Compl. ¶¶ 3, 20, 24. PlastWood improperly requests this court to enforce safety labeling that would be incongruent with the safety labeling requirements set forth by the CPSC. Accordingly, the court dismisses PlastWood's Lanham Act claim related to the label "Ages 3 to 100."

### 2.   Lanham Act Claim Based on Collapsing Structures

PlastWood alleges a second Lanham Act claim. It asserts that Magnetix advertising and packaging conveyed that a wide variety of structures ("500 designs") could be built by assembling Magnetix blocks in certain described manners when, in reality, many of those structures collapse of their own weight. Compl. ¶¶ 3, 4, 18, 19. Rose Art contends that because PlastWood did not identify which depicted structures

ORDER ON MOTION TO DISMISS– 13

collapse, PlastWood has failed to satisfy certain pleading requirements; therefore, the claim should be dismissed.  Mot. at 14-16.

As an initial matter, the court finds that the heightened pleading requirements of Federal Rules of Civil Procedure 9(b) do not apply to this claim.  The cases applying Rule 9(b) to Lanham Act claims, on which Rose Art relies, have done so where the complaint specifically alleged fraud or alleged facts that necessarily constituted fraud. *See*, *e.g.*, *Collegenet, Inc. v. XAP Corp.*, No. CV-03-1229-HU, 2004 WL 2303506, *4 (D. Or. Oct. 12, 2004) (applying Rule 9(b) to a Lanham Act claim where the plaintiff alleged "knowing" and "intentional" conduct); *Pestube Sys., Inc. v. HomeTeam Pest Def., LLC*, No. Civ.-05-2832-PHX-MHM, 2006 U.S. Dist. LEXIS 34337, at *14-15 (D. Ariz. May 24, 2006) (applying Rule 9(b) to plaintiff's Lanham Act claim that was "grounded" or "sounding" in fraud when the complaint alleged "knowing" misrepresentations); *Volunteer Firemen's Ins. Servs., Inc. v. McNeil & Co., Inc.*, 221 F.R.D. 388, 393 (W.D.N.Y. 2004) (applying Rule 9(b) to a false advertising counterclaim in which the defendant alleged that "the plaintiff 'brazenly, willfully and wantonly' misrepresented the nature of the parties' products in order to defraud potential customers").  Here, PlastWood's Complaint falls short of alleging fraud or facts necessarily constituting fraud because it never averred that Rose Art engaged in any knowing or intentional conduct in relation to collapsing structures.[7]  Accordingly, the lower pleading standard set forth in Rule 8(a) applies.

---

[7]Under Washington law, the nine fraud elements are: (1) a representation of an existing fact; (2) the fact is material; (3) the fact is false; (4) the defendant knew the fact was false or was ignorant of its truth; (5) the defendant intended the plaintiff to act on the fact; (6) the plaintiff did not know the fact was false; (7) the plaintiff relied on the truth of the fact; (8) the plaintiff had a right to rely on it; and (9) the plaintiff had damages. *Baertschi v. Jordan*, 413 P.2d 657, 660 (Wash. 1966).  PlastWood alleges some facts indicating certain levels of "knowledge" in connection with its safety claim ("Ages 3 to 100").  *See* Compl. ¶¶ 22, 25, 29, 40.  These factual allegations, however, have no relation to PlastWood's collapsing structures claim.

ORDER ON MOTION TO DISMISS– 14

PlastWood has pleaded sufficient facts to make out a plausible cause of action under the Lanham Act.  Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  PlastWood's complaint places Rose Art on notice of the wrong that it is accused of committing.  The complaint states that Rose Art has informed consumers through its published advertising and product packaging that a wide variety of Magnetix structures ("500 designs") can be built.  Compl. ¶¶ 3, 18.  PlastWood contends that such messages are false or misleading because many of these structures cannot be built and collapse.  *Id.* at ¶¶ 4, 19.  PlastWood essentially argues that Rose Art has overstated the qualities or capabilities of its product in violation of the Lanham Act.  These allegations provide Rose Art with fair notice of the nature of claim.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (stating "[s]uch a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").  More specific facts may be determined by discovery.  PlastWood has pleaded sufficient facts to state a claim that is plausible on its face. *See Twombly*, 127 S. Ct. at 1974.  Accordingly, the court denies Rose Art's Rule 12(b)(6) motion to dismiss PlastWood's collapsing structures claim.

### 3.    Unjust Enrichment Claim

Rose Art also moved to dismiss PlastWood's claim for unjust enrichment under Rule 12(b)(6) for failure to state a claim.  Mot. at 16-17.  Under Washington law, an unjust enrichment claimant must establish that (1) he conferred a benefit on the defendant; (2) the defendant appreciated or knew of the benefit; and (3) the defendant's acceptance or retention of the benefit under the circumstances make it inequitable for the defendant to retain the benefit without paying its value.  *Bailie Commc'ns v. Trend Bus. Sys.*, 810 P.2d 12, 18 (Wash. Ct. App. 1991).  PlastWood has pleaded no facts establishing that it conferred a benefit upon Rose Art, that Rose Art knew of such benefit,

ORDER ON MOTION TO DISMISS– 15

or that Rose Art's acceptance or retention under the circumstances is inequitable.

PlastWood has failed to state a claim for relief that is plausible on its face. *See Twombly*,

127 S. Ct. at1974.  Therefore, the court grants Rose Art's motion to dismiss PlastWood's

unjust enrichment claim.[8]  Plaintiffs will not be granted leave to amend because such

amendment would be futile. *See Lopez*, 203 F.3d at 1127.

## IV.  CONCLUSION

For the foregoing reasons the court GRANTS the motion to dismiss MEGA Brands

for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2)

(Dkt. # 6).  The court GRANTS in part and DENIES in part Rose Art's motion to dismiss

the complaint for failure to state a claim pursuant to Rule 12(b)(6) (Dkt. # 6).

Specifically, the court grants Rose Art's motion to dismiss the following claims: (a) the

Lanham Act "Ages 3 to 100" claim; (b) the unjust enrichment claim; and (c) the Delaware

Deceptive Trade Practices Act claim.  The court denies Rose Art's motion to dismiss the

Lanham Act "collapsing structures" claim.  Finally, the court DENIES Defendants'

motion to stay discovery (Dkt. # 28).

DATED this 22nd day of October 2007.

_____
JAMES L. ROBART
United States District Judge

---

[8]The dismissal of PlastWood's unjust enrichment claim does not limit the type of damages that may be available for PlastWood's surviving Lanham Act claim.

ORDER ON MOTION TO DISMISS– 16